GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York and as Conservator of the Property and Assets of the INDEPENDENCE INDEMNITY COMPANY, Appellant, *v.* RICHARD SULLIVAN, Defendant, Impleaded with MANUFAC-TURERS TRUST COMPANY, Respondent.

First Department, May 18, 1934.

*Francis G. Hoyt* of counsel [*Alfred C. Bennett*, attorney], for the appellant.

*Nathan Waxman* of counsel [*Newman & Bisco*, attorneys], for the respondent.

GLENNON, J. This action was instituted by the Independence Indemnity Company to recover premiums on three policies of liability insurance issued to defendant Sullivan and the Chatham-Phenix National Bank and Trust Company. The latter bank, after the policies were written, was merged with the defendant Manufacturers Trust Company.

While the action was pending the Superintendent of Insurance was substituted as a party plaintiff.

The action came to trial before the court without a jury. Defendant Sullivan defaulted and the court granted judgment against him. The respondent, Manufacturers Trust Company, claimed that the Chatham-Phenix Bank did not order the policies and consequently it was not liable for the premiums. At the close of the entire case the court reserved decision, and subsequently directed a judgment in favor of the bank.

We believe that the verdict is against the weight of the credible evidence. The record is not at all satisfactory in certain details and consequently we cannot finally dispose of the case upon this appeal.

We have reached our conclusion without considering the testimony which was given by the defendant Sullivan upon an examina-

tion before trial. This evidence was admitted over the objection and exception of the bank on the theory, announced by the court, that " It is received as the testimony of an adverse witness." In so ruling the court fell into error. True, it was admissible in so far as defendant Sullivan was concerned, but, on the other hand, it was incompetent in so far as it applied to the defendant bank. We would not refer to it ordinarily since judgment was entered in favor of the objecting party, but, as we are about to order a new trial, we wish to avoid a recurrence. Of course, Sullivan may be called as a witness by plaintiff, and may give testimony to the same effect that he did upon his examination as a party defendant; at the same time the defendant bank should be given a full and fair opportunity to cross-examine him.

The judgment so far as appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

FINCH, P. J., MERRELL, TOWNLEY and UNTERMYER, JJ., concur.

Judgment so far as appealed from reversed and a new trial ordered, with costs to the appellant to abide the event.